IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

Plaintiff,

v. CIVIL ACTION NO. 2:25-00200

2005 FORD MUSTANG GT bearing
VIN No. 1ZVFT82H855226930, and a
2023 FOREST RIVER 252RBS FREEDOM
bearing Serial No. 5ZT2FEPBXPW027000,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the motion of the United States to dismiss the claim of Charles and Penny Brown filed in this in rem civil forfeiture action. See ECF No. 16. The Browns' claim is defective for not being timely filed and not being a verified claim under penalty of perjury. By Memorandum Opinion and Order entered on September 10, 2026, the Browns were given until September 25, 2026, to file an amended claim that was verified under penalty of perjury. See ECF No. 19. The Browns were further warned that failure to do so would result in dismissal of their claim.

Supplemental Rule G5(a)(i)(C) requires that a claim must be "signed by the claimant under penalty of perjury[.]" "The requirement that a claimant sign the claim under penalty of

perjury is the 'most signficant' of the Rule G(5) requirements." United States v. $35,412.00 in U.S. Currency, No. 5:24-CV-00574-BO-RN, 2025 WL 1805256, at *1 (E.D.N.C. June 26, 2025) (quoting United States v. Thach, No. CIV.A. DKC 13-1984, 2013 WL 5177311, at *4 (D. Md. Sept. 12, 2013)). "The verification requirement is a necessary safeguard against the filing of false claims." Id. (citation omitted). "The only safeguard the courts have against the filing of false claims in [a] civil in rem proceeding is the threat that the filing of a false claim will trigger a perjury persecution." United States v. $104,250.00 in U.S. Currency, 947 F. Supp.2d 560, 564 (D. Md. 2013); see also United States v. 35 Firearms, 123 F. App'x. 204, 207 (6th Cir.2005) ("Verification forces the claimant to place himself at risk of perjury for a false claim. Therefore, the Government's insistence on a verified claim is not . . . form over substance.").

The claim filed on behalf of Penny and Charles Brown was not signed by either claimant under penalty of perjury. In fact, Charles Brown did not sign the claim at all. Therefore, the Browns lack statutory standing to pursue their claims. See United States v. 697, 701, 709 Daniel Road, Axton, VA 24054, Civil Action No. 4:20cv00015, 2020 WL 5026874, at *3 (W.D. Va. Aug. 25, 2020). Accordingly, the motion to dismiss is **GRANTED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to Charles and Penny Brown, via certified mail return receipt requested, at the address indicated on ECF No. 13-1.

IT IS SO ORDERED this 30th day of September, 2026.

ENTER:

David A. Faber
Senior United States District Judge